UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALESSANDRA KATIE STAMPS, | Case No. 23-CV-1076 (WMW/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| MICHAEL SEGAL, Warden, | |
| Respondent. | |

The First Step Act of 2018 ("FSA") offers 10 or 15 days of time credits per month to prisoners who participate in evidence-based recidivism reduction programming, and those time credits can then be used to accelerate the prisoner's release date. *See* 18 U.S.C. § 3632(d)(4)(A). Some prisoners, however, are ineligible for these time credits. For example, persons who are convicted of serious drug offenses under 21 U.S.C. § 841(b) and who are found at sentencing to be an organizer, leader, manager, or supervisor of others in the offense cannot earn FSA time credits. *See* 18 U.S.C. § 3632(d)(4)(D)(lxviii).

Petitioner Alessandra Katie Stamps is such a prisoner: She pleaded guilty in the United States District Court for the Southern District of Iowa on one count of violating § 841(b)(1)(A) and was found at sentencing to have been an organizer, leader, manager, or supervisor in the offense within the meaning of § 3B1.1(c) of the United States Sentencing Guidelines. *See United States v. Stamps*, No. 4:21-CR-0014, Dkt. No. 201 at 6 (S.D. Iowa Dec. 27, 2021) (transcript of sentencing hearing). Ms. Stamps nevertheless argues, despite the plain language of the FSA, that she should be awarded FSA time credits by the Federal

1

Bureau of Prisons ("BOP"). Ms. Stamps' habeas petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Ms. Stamps' habeas petition itself is not entirely clear regarding why she believes the plain language of the FSA does not defeat her claim, but in the documents attached to her petition, Ms. Stamps states that she was the only person named on the indictment to which she pleaded guilty and therefore she could not have been an organizer, leader, supervisor, or manager of the offense. (Pet. Ex. at 13, Dkt. No. 1 ("There were *no* others in the offense. I was the only one on my indictment.").) This representation is flatly untrue. Three other persons were named as defendants in the indictment to which Ms. Stamps pleaded guilty. *See Stamps*, No. 4:21-CR-0014, Dkt. No. 21 (S.D. Iowa Jan. 21, 2021). In any event, Ms. Stamps' objection to the trial court's application of the leadership enhancement was withdrawn at sentencing, *Stamps*, No. 4:21-CR-0014, Dkt. No. 201 at 6, and the trial court thereafter applied the enhancement. Accordingly, Ms. Stamps is ineligible for time credits under the FSA. 18 U.S.C. § 3632(d)(4)(D)(lxviii).

Ms. Stamps' habeas petition is meritless—bordering on frivolous—and should be denied pursuant to Rule 4. Her motion for habeas corpus relief, which is ultimately superfluous of the petition itself,[2] should also be denied.

---

[1] Although Ms. Stamps' habeas petition is not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 cases may nevertheless be applied to her petition. *See* Rule 1(b).

[2] In her motion, Ms. Stamps argues that the BOP is incorrectly calculating how FSA credits are to be calculated. Her argument is wrong, *see Sisson v. Segal*, No. 23-CV-0548 (NEB/JFD), R. & R. at 3–4 (D. Minn. Apr. 14, 2023), but that is irrelevant, as she is not entitled to any FSA credits regardless of how those credits should be calculated by the BOP.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Alessandra Katie Stamps' petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED**;

2. Ms. Stamps' motion for a writ of habeas corpus (Dkt. No. 2) be **DENIED.**

3. This matter be **DISMISSED**.

Dated: May 9, 2023

_s/ John F. Docherty_
JOHN F. DOCHERTY
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).