UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Alessandra Katie Stamps, | Case No. 23-cv-1076 (WMW/JFD) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Michael Segal, *Warden*, | |
| Respondent. | |

---

This matter is before the Court on the May 9, 2023 Report and Recommendation ("R&R") of United States Magistrate Judge John F. Docherty. (Dkt. 7.) The R&R recommends denying Petitioner Alessandra Katie Stamps's habeas petition. Stamps filed a timely objection to the R&R. (Dkt. 8.) For the reasons addressed below, the Court overrules Stamps's objection, adopts the R&R and denies the petition.

## BACKGROUND

The First Step Act of 2018 ("FSA") directs the Department of Justice to create and offer "evidence-based recidivism reduction programs" to prisoners under the care of the Federal Bureau of Prisons ("BOP"). 18 U.S.C. § 3632(d). Prisoners are encouraged to participate in this programming through various incentives. One of those incentives is the opportunity for participating prisoners to earn time off their sentences. Specifically, the FSA provides that a prisoner, who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:

  (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based

     recidivism reduction programming or productive activities.
(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A). An individual who is convicted of serious drug offenses under 21 U.S.C. § 841(b) and who is found at sentencing to be an organizer, leader, manager or supervisor of others in the offense cannot earn FSA time credits. 18 U.S.C. § 3632(d)(4)(D)(lxviii).

Stamps contends that the sentencing court erred in finding that she was the organizer, leader, manager or supervisor in her offense because she was the only individual listed in her indictment. Therefore, Stamps argues, the FSA entitles her to a reduction in the length of her sentence for each program she completed.

## ANALYSIS

The Court reviews *de novo* the portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must specifically address the portions of the magistrate judge's report and recommendation to which objections are made and offer a basis for the objections. *Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 704 (D. Minn. 2015), *aff'd*, 652 F. App'x 479 (8th Cir. 2016). The Court reviews for clear error objections that restate arguments that were

made to and considered by the magistrate judge. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. Mar. 30, 2015).

The Court does not consider new evidence that was not submitted to the magistrate judge for consideration. *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). Absent specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). In doing so, the Court liberally interprets a *pro se* party's objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

As Stamps restates the arguments she made in her habeas petition, the Court reviews her objections for clear error. Stamps's habeas petition alleges that she is entitled to FSA credits because the sentencing court erred in finding that she was the organizer, leader, manager or supervisor in violation of drug offenses under 21 U.S.C. § 841(b). She claims that the sentencing court's finding was not possible because she was the only one listed in her indictment. This is untrue, however. As the R&R correctly notes, there were three other individuals listed in the indictment to which Stamps pled guilty. *See United States v. Stamps*, No. 4-21-cr-0014, Dkt. 21 (S.D. Iowa Jan. 21, 2021). Stamps, therefore, is ineligible for time credits under the FSA, and her objection is overruled.

Based on the R&R and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Alessandra Katie Stamps's objection to the May 9, 2023 R&R, (Dkt. 8), is **OVERRULED**;

2. The May 9, 2023 Report and Recommendation, (Dkt. 7), is **ADOPTED**;

3. Petitioner Alessandra Katie Stamps's petition for a writ of habeas corpus, (Dkt. 1), is **DENIED**;

4. Petitioner Alessandra Katie Stamps's motion for a writ of habeas corpus, (Dkt. 2), is **DENIED**; and

5. This matter is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 24, 2023                s/Wilhelmina M. Wright
                                       Wilhelmina M. Wright
                                       United States District Judge